# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| BYRON BUSH,<br><br>　　　　　Plaintiff,<br>v.<br><br>EZ ADVOCATES, LLC and<br>RAHAMAN KARGAR,<br><br>　　　　　Defendants. | Case No.: 8:25-cv-1375<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Byron Bush (hereinafter "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants EZ Advocates, LLC ("EZ Advocates" or the "Corporate Defendant") and Rahaman Kargar ("Kargar" or the "Individual Defendant") (EZ Advocates and Kargar collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.* and the Florida Minimum Wage Act, Fla. Sta. §448.110, *et seq.* (2024) (hereinafter the "FMWA").

2. Upon information and belief, during last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all worked hours including overtime compensation as required by federal law.

1

3. Plaintiff has initiated this action on behalf of himself and others similarly situated to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Defendant's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt sales duties for the benefit of Defendants in Florida including within the city of Tampa.

7. At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) as Defendants earned revenues in excess of $500,000.00 per year for the last three (3) years and engaged with customers all over the United States in connection with helping customers get out of their time share contracts.

8. Plaintiff falls within the protections of the FLSA because he contacted individuals outside of the State of Florida to assist them in getting out of their time share contracts.

## PARTIES

9. Plaintiff is an adult individual who is and is a resident of the State of Florida within the County of Hillsborough.

9. Plaintiff was employed by Defendants in the State of Florida during the period of about January 29, 2023 through July 8, 2024.

10. EZ Advocates is a business entity formed under the laws of Florida with a primary office located at 3505 East Frontage Road Suite 130, Tampa, Florida while Kargar is a corporate officer who exercises sufficient control over its business.

11. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Florida at 3505 East Frontage Road Ste 130, Tampa, Florida.

## STATEMENT OF FACTS

12. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff and others similarly situated for all hours worked, including for all overtime hours worked in every workweek.

13. Plaintiff began working for Defendant in or around January 29, 2023, as a sales employee.

14. While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendants and their customers with an official work schedule of Monday through Thursday, from about 11:00 AM to around 8:00 PM, and for Friday, from about 11:00 AM to around 5:00 PM, for a total of forty-two (42) hours a week.

15. Occasionally, Plaintiff was required to report for work on Saturdays for approximately three to four (3-4) hours on average.

16. During the relevant period, Defendants failed to pay Plaintiff the proper minimum wages and compensation under the law by failing to pay him both an hourly wage that was equal to or greater than the minimum wage and Plaintiff's regular rate of pay for all time spent performing labor un excess of forty (40) hours of his regular workweek.

17. As a result of the non-payment of Plaintiff's wages, Defendants owe Plaintiff unpaid wages and the difference between the wage actually received and the statutory minimum wage.

18. At all times relevant, Defendants have actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

19. At all times relevant, Defendants have actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

20. At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

21. Plaintiff was then relieved from his employment with Defendants after around seventy-five (75) weeks of not receiving the amount equal to or greater than the prescribed minimum wage and proper compensation for his overtime hours worked and having his complaints concerning same fall on deaf ears.

22. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

23. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

24. As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

25. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

26. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

27. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

29. The collective action class is so numerous that joinder of all members is impracticable.

30. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately at least five (5) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

31. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

32. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

33. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

36. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

37. There will be no difficulty in the management of this action as a collective action.

38. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members.

39. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

    e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

<u><b>CAUSES OF ACTION</b></u>

<b>COUNT I<br>
RECOVERY OF UNPAID WAGES AND OVERTIME<br>
COMPENSATION PURSUANT TO THE FLSA AND THE FMWA</b>

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

43. Defendants knowingly and willfully failed to pay Plaintiff the minimum wage for the actual hours that he worked and the proper compensation corresponding to the overtime hours of work.

44. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

45. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

46. Similarly, Defendants are liable for the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and Fla. Stat. § 448.110(1).

47. Defendants have failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

48. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

50. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

51. As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and Collective Action Members, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and the FMWA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the FMWA;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

RESPECTFULLY SUBMITTED this 27 day of May, 2025.

       **CONSUMER ATTORNEYS, PLLC**
       /*s/ David Pinkhasov*/
       David Pinkhasov, FL # 1040933
       68-29 Main Street
       Flushing, NY 11367-1305
       T: (718) 701-4605
       F: (718) 715-1750
       E: dpinkhasov@consumerattorneys.com

       **CONSUMER ATTORNEYS PLLC**
       /s/*Emanuel Kataev*
       Emanuel Kataev, Esq.

68-29 Main Street
Flushing, NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com (email)
*Pending admission and/or admission pro hac vice*


*Attorneys for Plaintiffs,*
*Byron Bush and*
*all others similarly situated*

10