**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BYRON BUSH,

     Plaintiff,

                              **CASE NO.: 8:25-cv-1375-KKM-TGW**

v.

EZ ADVOCATES, LLC and
RAHAMAN KARGAR,

     Defendants.

_____/

**DEFENDANTS' RESPONSE AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, EZ ADVOCATES, LLC and RAHAMAN KARGAR, by and through undersigned counsel, hereby respond to Plaintiff's Complaint as follows:

1.     Admitted for the purpose of establishing the nature of the action; it is denied that any damages are owed to Plaintiff.

2.     Denied.

3.     It is admitted only that this is a statement of what Plaintiff seeks through the filing a lawsuit.

4.     Admitted.

5.     Admitted.

6.     Denied.

7.     Admitted.

8.     Admitted.

## PARTIES

9.     It is admitted only that Plaintiff is an adult individual.

9.     [SIC] It is admitted that Plaintiff was engaged by the corporate Defendant but not as an employee.

10.    It is admitted only that EZ Advocates is a business entity with the office stated. It is denied that Defendant KARGAR is properly named as a Defendant.

11.    It is denied in paragraph 11 and throughout this answer that Defendant KARGAR was an employer. Otherwise admitted.

## STATEMENT OF FACTS

12.    Denied.

13.    Admitted that he became engaged at that time; denied that he was an employee.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   It is admitted only that this is a statement of the relief to which Plaintiff believes he is entitled who; otherwise denied.

27.   It is admitted that this is a statement of what Plaintiff seeks to recover.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.   It is admitted only that Plaintiff seeks to file the action stated in this allegation.

29.   Denied.

30.   Denied.

31.   This is a statement of what Plaintiff seeks; it is denied that the relief sought in paragraph 31 is legally or factually owed.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39. Denied.

40. It is admitted only that Plaintiff asserts that there will be no difficulty managing this case; otherwise denied.

41. Denied.

## COUNT I

## RECOVERY OF UNPAID WAGES AND OVERTIME COMPENSATION PURSUANT TO THE FLSA AND THE FMWA

42. Defendants reallege and incorporate herein their responses to the allegations in the paragraphs above including the individual Defendant's denial of being properly before the court.

43. Denied.

44. It is admitted that if Plaintiff worked more hours than 40 in a administrative workweek and was an employee then over time would be owed; otherwise denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendants deny the allegations set forth in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendants are continuing to investigate Plaintiff's allegations; therefore, Defendants reserve the right to amend their Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Complaint, Defendants assert the following:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff has failed to allege specific facts to support each and every element of his claims or otherwise failed to provide legally sufficient details to support his conclusory allegations. In particular, Plaintiff has failed to state a claim upon which relief can be granted as to the individual Defendant. Specifically, but not by way of limitation, Plaintiff has failed to allege sufficient ultimate facts to establish that the individual Defendant is an employer within the meaning of the statutes on which this action is based.

## SECOND DEFENSE

At all times relevant hereto, Plaintiff was an independent contractor.

### THIRD DEFENSE

Defendants made good faith efforts to comply with the law. Defendants believed in good faith, and took all reasonable steps to ensure, that its/ their conduct was in compliance with state and federal law.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory and/or other equitable relief, as Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendants.

### FIFTH DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law and/or in excess of the limits imposed by applicable law and/or relate to times outside of the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff has failed to state the necessary elements for establishing the named Plaintiff as a representative of others and to otherwise plead the necessary elements for a  collective action.

### RESERVATION OF RIGHTS

Defendants reserve the right to bring any additional defenses that become known during the litigation of this matter.

Dated this 1st day of July 2025.

Respectfully,
WENZEL FENTON CABASSA, P.A.

/s/Steven G. Wenzel
**STEVEN G. WENZEL**
Florida Bar No.159055
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of July 2025, the foregoing was electronically filed using the Courts ECF system, which will send a notice of electronic filling to counsel of record.

/s/ Steven G. Wenzel
**STEVEN G. WENZEL**