# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| BYRON BUSH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EZ ADVOCATES, LLC and RAHAMAN KARGAR,<br><br>Defendants. | COLLECTIVE AND CLASS ACTION<br><br>Case No.: 8:25-cv-1375 (KKM) (TGW)<br><br>Hon. Kathryn Kimball Mizelle, U.S.D.J.<br><br>Hon. Thomas G. Wilson, U.S.M.J. |

## PLAINTIFFS' MOTION TO COMPEL THE DEFENDANTS TO RESPOND TO PLAINTIFFS' DISCOVERY

Plaintiffs, through their undersigned counsel, respectfully present this motion to compel, which seeks an Order punishing Defendants for their failure to respond to discovery, or – in the alternative – deeming Defendants' objections to Plaintiff's discovery demands waived, and instructing Defendants to respond to Plaintiffs' First Set of Interrogatories and First Request for the Production of Documents to Defendants. In support of their Motion, Plaintiffs respectfully state:

### I. INTRODUCTION

This motion seeks documents and information pertaining to Plaintiffs' claims against both Defendants, who employed Plaintiffs and caused them to suffer damages pertaining to unpaid wages and overtime compensation.

Defendants have failed to produce basic relevant discovery and failed to timely object to producing. Pursuant to Rules 34 and 37 of Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiffs respectfully file this Motion to Strike Defendants' Pleadings, or – in the Alternative – to Deem Defendants' Objections Waived and Compel the Production of Documents, and further respectfully requests that this Court issue an Order requiring Defendants to pay attorneys' fees and costs associated with this Motion.

The documents sought from Plaintiff relate directly to the issues in this case and were originally due on November 1, 2025.

## II.  BACKGROUND

Plaintiffs commenced this case on May 28, 2025, by filing the complaint against Defendants for their violation of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Florida Minimum Wage Act, Fla. Sta. §448.110, et seq. (2024) ("FMWA").  See ECF Docket Entry No. 1.

On May 29, 2025, the Hon. Thomas G. Wilson, U.S.M.J. ("Judge Wilson") issued a Standing Order regarding discovery requiring the verbatim quotation of each discovery request together with a verbatim quotation of each objection.  See ECF Docket Entry 8.

On July 24, 2025, this Court entered a Fast Track Case Management and Scheduling Order.  See ECF Docket Entry 22 (hereinafter the "Scheduling Order").

The Scheduling Order provides that discovery must be completed by January 5, 2026. See Scheduling Order at 2.

On October 2, 2025, Plaintiffs served Defendants with their discovery demands. See Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶ 3, Exhibits ("Exs.") **"A" and "B."** On November 1, 2025, Defendants' responses to Plaintiffs' discovery demands were due. See Fed. R. Civ. P. 34(b)(2)(A).

Defendants failed to timely respond to Plaintiffs' discovery demands, notwithstanding Plaintiffs' October 31, 2025 email concerning the deadline to submit demands and seeking to meet-and-confer. See Kataev Decl. ¶ 4, Exhibit ("Ex.") C.

## III.  LEGAL STANDARD

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir.1984).

"Generally, a party is entitled to discovery relevant to the subject matter of the lawsuit, so long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" See Hubbard v. R-Macs, Inc., No. 3:07-CV-609-J-16JRK, 2008 WL 11336838, at *1 (M.D. Fla. Apr. 21, 2008) (Klindt, J.) (quoting Fed. R. Civ. P. 26(b)(1)). Moreover, Rule 26(b)(1) is interpreted broadly and construed liberally. Id.

3

Moreover, Rule 34 permits a party to serve on any other party a request to produce documents. If a party fails to produce the requested documents, the requesting party may move the court for appropriate relief, including to compel production in accordance with Rule 37.

The requesting party must demonstrate that the request "'is relevant, i.e., calculated to lead to admissible evidence.'" See Fluker v. Allied Auto. Grp., Nos. 3:06- cv-119-J-32JRK, 3:06-cv-434-J-32JRK, 3:06-cv-1105-J-32JRK, 3:07-cv-831-J-32JRK, 2009 WL 10670759, at *4 (M.D. Fla. Jan. 15, 2009) (Klindt, J.) (quoting Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990)).

If the Court grants a motion to compel, or if the discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." See Fed. R. Civ. P. 37(a)(5).

## IV. DISCUSSION

### A. Defendants' Pleadings Should be Stricken

When a party fails to comply with court ordered discovery obligations, the Court may impose discovery sanctions, including dismissal. See Fed. R. Civ. P. 37(b)(2).

4

Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. See Gratton v. Great American Communications, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that designated facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to support or oppose designated claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or render a judgment of default against the violating party; and (4) the court may treat the violation as contempt of court. See Fed. R. Civ. P. 37(b)(2).

The Court must also award reasonable attorneys' fees against the party failing to act. See Fed. R. Civ. P. 37(b)(2)(C).

Here, this Court presents a classic case which warrants Rule 37 sanctions.

This Court entered the Scheduling Order requiring discovery to be completed by January 5, 2026. Defendants' responses to Plaintiff's discovery demands were due on November 1, 2025. Had Defendants timely complied, Plaintiff would have been in possession of discovery which would permit him to proceed to depositions and timely complete discovery by January 5, 2026.

Instead, Defendants have decided to treat their court Ordered obligations as an option, stymying Plaintiff from having his day in court. Such conduct flies in the face of Rule 1, which requires that the Rules be administered by the parties and the Court to secure the just, speedy, and inexpensive determination of every civil proceeding. Thus, because Defendants' conduct indicates disregard for court Orders and the Rules, Rule 37 sanctions in this Court's discretion are appropriate.

### B. Alternatively, all objections should be deemed waived & responses compelled

Should this Court find in its discretion that Defendants' complete lack of compliance with the Scheduling Order and the Rules be insufficient to warrant Rule 37 sanctions (which they are), Plaintiff respectfully submits that – at a minimum – all objections to Plaintiff's discovery be deemed waived in light of their failure to timely object. Indeed, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." See Reliance Ins. Co. v. Core Carriers, Inc., No. 3:06–cv–585–J–20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008).

The outstanding discovery is directly related to the issues in this case. Defendants have failed to produce any responsive documents or provide responses to Plaintiff's discovery demands. See Kataev Decl. ¶ 3, Exs. A and B.[1] Moreover, Defendants did not serve any objections at all, let alone timely objections.

Accordingly, Plaintiff respectfully requests in the alternative that the Court compel Defendants to serve complete responses to all of Plaintiff's interrogatories and to produce all responsive documents in their possession, custody, or control. Given Defendants' failure to respond or object within the time required by the Rules, Plaintiff further requests that the Court deem any objections to the demands waived.

**C. The Court should award attorneys' fees and costs against Defendants and in favor of Plaintiffs.**

Pursuant to Rule 37(a)(5), if the Court grants this Motion to Compel, Plaintiffs respectfully requests that the Court order Defendants to pay all attorneys' fees and costs associated with this Motion. Plaintiffs attempted to obtain the outstanding discovery through Defendants, through their attorneys, directly.

---

[1] In compliance with this Court's Standing Order dated May 29, 2025 and Former Local Rule 3.04(a), Plaintiff respectfully submits that its discovery demands are annexed to the motion and thus incorporated by reference herein. In light of Defendants' abject failure to object notwithstanding Plaintiff's courtesy notice that responses are due, Plaintiff respectfully submits that quotation verbatim of discovery demands it annexes hereto would be superfluous given Defendants failed to respond.

7

Plaintiffs has repeatedly extended professional courtesies to Defendants' attorneys – for example, by consenting to an extension of time to oppose Plaintiff's timely filed motion to conditionally certify a collective action. See ECF Docket Entries 38 and 39 (text only Order granting same).

Defendants have left Plaintiff no choice but to ask the Court to make the instant motion. The Court should require Defendants to pay the costs and attorneys' fees associated with bringing this Motion to Compel, especially given Defendants' cavalier and nonchalant attitude towards court Ordered deadlines. Defendants refuse to produce the most basic relevant discovery.

In such circumstances, attorneys' fees are appropriate. See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021) ("Thus, generally, the court must award expenses if a motion to compel is successful").

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this Court enter an order granting Rule 37 sanctions, or – in the alternative – compelling Defendants to respond to Plaintiffs' discovery demands deeming all objections thereto waived. In addition, attorneys' fees and costs should be imposed against Defendants and in favor of Plaintiffs.

Dated:      Jamaica, New York
               November 11, 2025        Respectfully submitted,

**CONSUMER ATTORNEYS PLLC**

*/s/ David Pinkhasov, Esq.*
David Pinkhasov, FL # 1040933
68-29 Main Street
Flushing, NY 11367
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

**CONSUMER ATTORNEYS PLLC**

*/s/Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
68-29 Main Street
Flushing, NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com
*Pending admission and/or admission pro hac vice*

*Attorneys for Plaintiffs,*
*Byron Bush, the FLSA Collective, and the Putative Class*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs attempted to confer with counsel for the Defendants prior to filing this Motion. Defendants ignored Plaintiffs' request to meet-and-confer, necessitating the instant motion. In compliance with Local Rule 3.01(g), Plaintiffs will continue to attempt to meet-and-confer with Defendants for three (3) days following the filing of the instant motion, and report to this Court with a supplemental notice and/or declaration as required by Local Rules 3.01(g)(3).

Dated:	Flushing, New York
	November 11, 2025

	*/s/ Emanuel Kataev, Esq.*
	Emanuel Kataev, Esq.
	One of Plaintiffs' Attorneys

## **CERTIFICATE OF SERVICE**

 I, Emanuel Kataev, an attorney, hereby certify that on November 11, 2025, I filed the foregoing via the Court's CM/ECF system which effected service on all counsel of record.

            */s/ Emanuel Kataev, Esq.*
            Emanuel Kataev, Esq.
            One of Plaintiffs' Attorneys