## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BYRON BUSH,**

     **Plaintiff,**

**v.**                          **Case No.:  8:25-cv-1375-KKM-TGW**

**EZ ADVOCATES, LLC and**
**RAHAMAN KARGAR,**

     **Defendants.**
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S PRE-DISCOVERY MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PRE-DISCOVERY MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b).

Defendants oppose Plaintiff's Pre-Discovery Motion and Memorandum of Law in support of Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b) ("Motion"). Because no reasonable basis exists to support Plaintiff's claim that other similarly-situated employees wish to join this lawsuit, Plaintiff's Motion should be denied.

### Factual Background

Plaintiff filed a Complaint against Defendants on behalf of himself and others similarly situated for unpaid wages under the Florida Minimum Wage Act (FMWA) and overtime compensation under the Fair Labor Standards Act (FLSA).

1

*See* Doc. 1. Plaintiff now seeks to conditionally certify a collective action for violations of the overtime provisions of the FLSA. *See* Docs. 30-32-2.

## Legal Standard

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). This mechanism allows the claims to proceed on behalf of the named employee(s) "and other employees similarly situated." 29 U.S.C. § 216(b). Conditionally certifying a collective action lies within the discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217, 1219 (11th Cir. 2001).

The Eleventh Circuit has approved a two-step process for determining whether an FLSA case should proceed as a collective action, *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008), and has acknowledged that this standard "may be most useful when making a certification decision early in the litigation before discovery has been completed." *Anderson v. Cagle's, In*c., 488 F. 3d 945, 952 (11th Cir. 2007). At the first stage, known as the notice or conditional certification phase, the court evaluates whether other similarly situated employees should be notified of the lawsuit. *Morgan*, 551 F.3d at 1260. This determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (citation omitted).

The second stage, known as the decertification stage, allows the court to reevaluate the certification decision after the record has been developed through discovery. *Morgan*, 551 F.3d at 1260. But "when discovery has already occurred, a more searching inquiry may be appropriate at the first stage because both sides have had a chance to develop the factual record and the first and second stages may be collapsed to some degree." *Kubiak v. S.W. Cowboy, Inc.*, No. 312-CV-1306-J-34JRK, 2014 WL 2625181, at *7 (M.D. Fla. June 12, 2014) (quotation marks and citations omitted). Here, limited discovery has occurred; therefore, Defendants respectfully request that the Court consider this discovery when ruling on Plaintiff's Motion.

### Notice/Conditional Certification Phase

**(1)    Other than Plaintiff's speculative and conclusory Declaration, no evidence exists that other employees wish to opt-in.**

At the first stage, "[a] plaintiff has the burden of showing a 'reasonable basis for his claim that there are other similarly situated employees" who would join the action if they were notified. *Morgan*, 551 F.3d at 1260 (citations omitted). A "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)

Plaintiff has not demonstrated a reasonable basis for his claim that other employees will opt in. "Evidence of other employees who desire to opt in may be

based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (citation omitted). "In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations." *Kubiak v. S.W. Cowboy*, Inc. No. No. 312-CV-1306-J-34JRK, 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014) (citation omitted).

Plaintiff's Declaration (Doc. 32) contains only speculative, vague, and conclusory allegations that other employees desire to join the lawsuit. *See* Doc. 32, ¶¶ 16, 21. In particular, the type of allegation in paragraph 21 stating that, "Additionally, these conversations [with Kirland] lead me to believe that Defendants' employees have a desire to opt-in to this lawsuit[,]" is consistently cited as a basis to reject conditional certification. Doc. 32. Se*e Rodgers v. CVS Pharm., Inc.*, No. 8:05-CV77 0T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) (quotation marks and citations omitted) ("A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class."); *Kubiak v. S.W. Cowboy, Inc.*, No. 312-CV-1306-J-34JRK, 2014 WL 2625181, at *10 (M.D. Fla. June 12, 2014) (quotation marks and citations omitted) ("Plaintiffs' conclusory statements and mere belief or unsupported expectations that others desire to join, without providing any specific facts to support their belief

that other employees are interested in opting in, do not provide a sufficient basis for certification.").

Without a reasonable basis to conclude that other employees will opt in, conditional certification is not proper. "Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (citation omitted) (emphasis added). "Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court." *Id.* (citation omitted).

**(2)    The potential opt-in employees are not similarly situated.**

Plaintiff has not demonstrated a reasonable basis for his claim that other employees are similarly situated. Courts evaluate "job requirements" and "pay provisions" when determining if other employees are similarly situated. *Dybach*, 942 F.2d at 1567–68. Plaintiff only has to show that his position is "similar, not identical to the positions held by the putative class members." *Grayson*, 79 F.3d at 1096 (citation and internal quotation marks omitted). A plaintiff must make "substantial" and "detailed" allegations supported by affidavits to satisfy the "similarly situated" element. *Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-22398-CIV-UU, 2011 WL 6794438, at *5 (S.D. Fla. Apr. 19, 2011) (citing *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996). "Federal courts routinely decline to certify collective action when the plaintiff's assertions are conclusory or lack evidentiary foundation." *Palacios v. Boehringer Ingelheim*

*Pharm., Inc.*, No. 10-22398-CIV-UU, 2011 WL 6794438, at *5 (S.D. Fla. Apr. 19, 2011).

**(a)    Plaintiff's Declaration does not address job requirements.**

Plaintiff does not describe his job requirements, or the allegedly similarly situated employees' job requirements. *See Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *5 (M.D. Fla. March 23, 2006) ("In their declarations, Plaintiff, Sherer and Lopez do not describe their job requirements and/or job descriptions to allow for an evaluation of similarities."); *Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1334 (S.D. Fla. 2008) ("The Plaintiff's Declarations and Instant Motion fail to detail even a cursory job description that would alert the Defendants and the Court as to the potential employees who may seek to 'opt-in' to this action and how their joining this action would serve the interests of judicial economy.). Plaintiff also failed to describe his job requirements in response to Defendants' Interrogatories, copied below, and attached as Ex. A.

2. Please provide your job title(s) and job duties during your employment with Defendant.

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Sales.**

9. Identify every individual you contend is "similarly situated" to you for purposes of this lawsuit, including:
a) Full name,
b) Job title,

c) Job duties,
d) Dates of employment, and
e) Basis for your belief that each is "similarly situated."

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case (particularly with respect to the identification of "Job duties"). Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff cannot recall the identity of the employees other than Chase Kirkland ("Chase"), who had the same job title, duties, and was paid the same way as Plaintiff. Plaintiff does not recall the dates of Chase's employment other than the fact that Chase was employed by Defendants for a year and six (6) months.**

Simply put, Plaintiff has failed to meet his obligation to provide the Court with information about his job and the job requirements of others that he seeks to have join his lawsuit.

### (b)    Plaintiff's Declaration Lacks Substantial and Detailed Facts Concerning Similarity of Pay.

Plaintiff's Declaration contains speculative, vague, and conclusory statements that other employees were similarly paid. *See* Doc. 32, ¶¶ 11, 12, 13, 15, 18, 19, & 20. Standing alone, this is enough to decline to certify a collective action. *See Palacious*, 2011 WL 6794438, at *5 ("Federal courts routinely decline to certify collective action when the plaintiff's assertions are conclusory or lack evidentiary foundation."). But Defendants' records reveal that Plaintiff was not paid the same way as Chase Kirkland, Plaintiff's "fellow colleague" that Plaintiff believed was "paid the same exact way [he] was[.]" Doc. 32 ¶¶ 14, 15. Instead, Kirkland was paid a salary of $17,680 plus commissions, as outlined in the attached employment

7

agreement[1] (Ex. B), which has been provided to Plaintiff in discovery. "In light of the evidence presented, sending notice to a class of employees, some of whom may have been paid under a different pay structure, is unlikely to be an effective way to manage this litigation." *Angebrandt v. Orange Lake Country Club, Inc.*, No. 608CV900ORL35DAB, 2009 WL 10670011, at *4 (M.D. Fla. Sept. 22, 2009).

Further, no other individual has submitted an affidavit or consent to join, and no expert evidence has been provided on the existence of other similarly-situated employees. *See Rivera v. Cemex, Inc.*, 2006 WL 3388455, at *1 (M.D. Fla. Nov. 21, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the [p]laintiff's contentions [of] similarity above pure speculation.").

Overall, Plaintiff has not shown that he is similarly situated to all of Defendants' current or former employees from the last three years. *See* Doc. 32-1. The proposed collective does not even address the purported overtime violations described in the Complaint (Doc. 1) and has no limitations on an individual's job duties or role. Plaintiff's Motion should be denied. *See Herrera v. U.S. Serv. Indus., Inc.,* No. 2:12-CV-258-FTM-29, 2013 WL 1610414, at *3 (M.D. Fla. Apr. 15, 2013) (denying Plaintiff's motion to conditionally certify a collective action because Plaintiff's proposed class went "beyond the scope of the miscalculation allegations contained in the Amended Complaint.").

---

[1] Kirkland's Employment Agreement also includes a mandatory choice of law provision (Maine) and venue provision (state or federal courts in Cumberland County, Maine). *See* ¶ 11-1.

**Plaintiff's proposed Notice is Legally Deficient.**

If the Court grants Plaintiff's Motion, however, Defendants request an opportunity to revise the proposed notice to address multiple issues. *See Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 481 (S.D. Fla. 2018) (quoting *Barron v. Henry Cty. Sch. Sys.*, 242 F.Supp.2d 1096, 1106 (M.D. Ala. 2003) ("The best course is for the parties 'to work together in good faith to resolve any objections, so that if at all possible, a proposed notice to which all parties have agreed may be submitted to the court.'").

"When permitting a party to send a notice concerning a collective action, a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties." *Servidori v. Nomi Health, Inc.*, No. 6:22-CV-1475-WWB-DCI, 2023 WL 10947187, at *5 (M.D. Fla. Jan. 5, 2023), *report and recommendation adopted,* No. 6:22-CV-1475-WWB-DCI, 2023 WL 10947191 (M.D. Fla. Apr. 10, 2023) (quotation marks and citation omitted). The notice "should not appear to be weighted in favor of one side or the other." *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 8:19-CV-2289-T-33CPT, 2020 WL 1674310, at *6 (M.D. Fla. Mar. 4, 2020) (quoting *Palma v. Metropcs Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). "By monitoring the preparation and distribution of a notice, a court can ensure that it is timely, accurate, and informative." *Id.* (quotation marks and citation omitted).

The proposed notice encompasses an overly broad group of employees, includes unnecessary information, and leaves out crucial details, described below.

- Plaintiff seeks to certify a collective action that does not distinguish between job requirements or pay provisions and includes "All current and former employees who worked for EZ ADVOCATES, LLC and/or RAHAMAN KARGAR at any time during the last three years." *See* Doc. 32-1. "If such a broad and inexact class of employees were sufficient to conditionally certify a class under the FLSA, the conditional-certification standard would not merely be a lenient one, but a meaningless one. It is not." *White v. SLM Staffing LLC*, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016) (citation omitted).

- The proposed notice impermissibly references the "Florida Minimum Wage Act," "minimum wage," and "FMWA." *See* Doc. 32-1 at 1, 2, & 4.

- The proposed notice fails to limit the notice to employees who worked for Defendant's Florida location.

- The proposed notice does not advise the potential collective that they could be liable for attorney's fees. "In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class." *Trentman v. RWL Communications, Inc.*, No. 2:15-CV-89-FTM-38CM, 2015 WL 2062816, at *4 (M.D. Fla. May 4, 2015).

- Defendants object to Plaintiff's request that a reminder email be sent after thirty days to anyone who did not respond. *See* Doc. 31 at 27. *See Moxley v.*

10

*OS Rest. Services, LLC,* No. 8:21-CV-1760-JLB-JSS, 2022 WL 3268289, at *3 (M.D. Fla. July 5, 2022) (citation omitted) (rejecting Plaintiff's request to include a reminder because they "can be construed as court endorsements and are redundant.").

- Finally, Defendants object to Plaintiff's request that notice be sent via text message. *See* Doc. 31 at 27. In *Metzler v. Med. Mgmt. Int'l, Inc.,* No. 8:19-CV-2289-T-33CPT, 2020 WL 1674310, at *6 (M.D. Fla. Mar. 4, 2020) (citations omitted), the court refused to allow notice via text message, noting that "[o]ther district courts within this Circuit have not allowed notice to be sent via text message because it is unnecessary and potentially costly for recipients."

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion. Plaintiff has not met his low burden to support the claim that similarly situated employees desire to opt-in this lawsuit. "If the plaintiff does not satisfy his burden, the Court should decline to certify a collective action to avoid the stirring up of litigation through unwarranted solicitation." *Martinez v. DHL Express (USA) Inc.,* No. 15-22505-CIV, 2016 WL 455394, at *3 (S.D. Fla. Feb. 5, 2016).

Dated this 14th day of November, 2025.

Respectfully submitted,

*/s/ Steven G. Wenzel*
**STEVEN G. WENZEL**
Florida Bar No.159055
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of November, 2025, the foregoing was electronically filed using the Courts ECF system, which will send a notice of electronic filling to counsel of record.

*/s/ Steven G. Wenzel*
**STEVEN G. WENZEL**