# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

-------------------------------------------X
BYRON BUSH,

            Plaintiff,

    v.

EZ ADVOCATES, LLC and
RAHAMAN KARGAR,

            Defendants.
-------------------------------------------X

Case No.: 8:25-cv-01375 (KKM) (TGW)

**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Byron Bush, (hereinafter "Plaintiff"), by its attorneys, Consumer Attorneys, PLLC, hereby answers and objects to Defendants EZ Advocates LLC and Rahaman Kargar, (collectively hereinafter "Defendants") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response.

5. Plaintiff objects to these uniformly overbroad interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants' interrogatories are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Plaintiff objects to Defendants' interrogatories to the extent they are so overbroad that they impose an undue burden upon them.

7. Plaintiff objects to Defendants' interrogatories to the extent they are unreasonably vague and ambiguous.

8. Plaintiff objects to Defendants' interrogatories to the extent they seek information that is confidential, proprietary and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Plaintiff objects to Defendants' interrogatories to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiff objects to Defendants' interrogatories to the extent they assume facts that have not been established. Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

12. Plaintiff objects to Defendants' interrogatories to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.

All of Plaintiff's responses are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1 (1 interrogatory; 1 request running total)**

Please provide the dates you were employed by Defendant.

**ANSWER: Subject to and without waiving the foregoing objections, Plaintiff responds as follows: On or about January 1, 2023 to on or about July 8, 2024.**

**INTERROGATORY NO. 2 (2 interrogatories; 3 requests running total)**

Please provide your job title(s) and job duties during your employment with Defendant.

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Sales.**

**INTERROGATORY NO. 3 (2 interrogatories; 5 requests running total)**

State with specificity and in detail the pay arrangement you had with Defendant during your employment. If the amount changed over time, please provide the effective date of the change.

**ANSWER: Subject to and without waiving the foregoing objections, Plaintiff responds as follows: 15% commission on any sales paid on a weekly basis.**

**INTERROGATORY NO. 4 (1 interrogatory; 6 requests running total)**

State with specificity and in detail the work schedule that you had during your employment with Defendant.

**ANSWER: Subject to and without waiving the foregoing objections, Plaintiff responds as follows: While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendants and their customers with an official work schedule of Monday through Thursday, from about 11:00 AM to around 8:00 PM, and for Friday, from about 11:00 AM to around 5:00 PM, for a total of forty-two (42) hours a week. Occasionally, Plaintiff was required to report for work on Saturdays for approximately three to four (3-4) hours on average for a total of forty-five to forty-six (45-46) hours a week.**

**INTERROGATORY NO. 5 (3 interrogatories; 9 requests running total)**

Please provide a breakdown of the amount that you claim you are owed in unpaid wages including: (a) the dates that you are owed wages; (b) the pay you actually received versus the pay you are allegedly owed; and (c) the total amount you are allegedly owed in unpaid wages.

**ANSWER: Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to his Rule 26 disclosures.**

5

**INTERROGATORY NO. 6 (1 interrogatory; 10 requests running total)**

Please describe all records you maintained of hours you worked for Defendant, including time sheets, logs, calendars, emails, or text messages.

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff did not maintain any such records.**

**INTERROGATORY NO. 7 (1 interrogatory; 11 requests running total)**

State all facts supporting your allegation that Defendants "failed to pay Plaintiff and all others similarly situated for all hours worked including overtime compensation."

**ANSWER: Subject to and without waiving the foregoing objections, Plaintiff responds as follows: During the relevant period, Defendants failed to pay Plaintiff the proper minimum wages and compensation under the law by failing to pay him both an hourly wage that was equal to or greater than the minimum wage and Plaintiff's regular rate of pay for all time spent performing labor in excess of forty (40) hours of his regular workweek. Defendants also failed to pay all others similarly situated overtime for hours that they worked in excess of forty (40) hours in a workweek.**

**INTERROGATORY NO. 8 (1 interrogatory; 12 requests running total)**

Identify every communication (oral or written) that you had with any representative of Defendant concerning your pay, hours, job duties, or classification (e.g., exempt or non-exempt).

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is unable to identify any such communications.**

**INTERROGATORY NO. 9 (5 interrogatories; 17 requests running total)**

Identify every individual you contend is "similarly situated" to you for purposes of this lawsuit, including:

a) Full name,

b) Job title,

c) Job duties,

d) Dates of employment, and

e) Basis for your belief that each is "similarly situated."

**ANSWER: Plaintiff objects to this demand on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case (particularly with respect to the identification of "Job duties"). Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff**

7

**cannot recall the identity of the employees other than Chase Kirkland ("Chase"), who had the same job title, duties, and was paid the same way as Plaintiff. Plaintiff does not recall the dates of Chase's employment other than the fact that Chase was employed by Defendants for a year and six (6) months.**

Dated:   Flushing, New York
          September 30, 2025                    Respectfully submitted,

                                                **CONSUMER ATTORNEYS PLLC**

                                                _/s/ Emanuel Kataev, Esq.___
                                                Emanuel Kataev, Esq.
                                                6829 Main Street
                                                Flushing, NY 11367-1305
                                                (718) 412-2421 (office)
                                                (718) 489-4155 (facsimile)
                                                ekataev@consumerattorneys.com

                                                *Attorneys for Plaintiffs*
                                                *Byron Bush and*
                                                *all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---------------------------------------------X
BYRON BUSH,

            Plaintiff,

   v.

EZ ADVOCATES, LLC and RAHAMAN KARGAR,

            Defendants.
---------------------------------------------X

Case No.: 8:25-cv-01375 (KKM) (TGW)

**VERIFICATION**

I, Byron Bush, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Plaintiff in the above-referenced case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge.

3. I respectfully submit this verification to attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 30, 2025.

_____
Byron Bush

9