UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYRON BUSH,

    Plaintiff,
v.                          Case No.:  8:25-cv-1375-KKM-TGW

EZ ADVOCATES, LLC and
RAHAMAN KARGAR,

    Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINITFF'S MOTION TO COMPEL THE DEFENDANTS TO RESPOND TO PLAINTIFF'S DISCOVERY

Noticeably absent from Plaintiff's motion is any mention of the discovery extension Plaintiff's counsel granted.[1] Defendants served responses to Plaintiff's discovery requests on November 14, 2025, after Plaintiff's counsel agreed to a two-week extension to respond. Given this agreement, Defendants' discovery responses are timely, and Plaintiff's motion is moot. Because Defendants have complied with their discovery obligations, the relief Plaintiff seeks—including striking Defendants' pleadings, deeming Defendants' discovery objections waived, and awarding Plaintiff his attorney's fees and costs—is inappropriate. Consequently, Plaintiff's motion should be denied.

---

[1] Although not required by the Local Rules, the undersigned counsel emailed Plaintiff's counsel on November 17, 2025, to remind him of the discovery extension, hoping he would withdraw his motion. Unfortunately, Plaintiff's counsel did not respond. *See* Ex. A.

1

## Background

On October 31, 2025, the undersigned requested "a two week extension of each of today's deadlines[,]" which referred to Defendants' responses to Plaintiff's discovery requests and response to Plaintiff's Motion and Memorandum of Law in support of Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized notice to potential opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b). *See* 10.31.25 email requesting a two-week extension, attached as Ex. A. Plaintiff's counsel replied, stating, "Steven: I'll consent to your request as long as I get a reciprocal extension of time to file reply, so three weeks from the date you file opposition." *See* email granting a two-week extension, attached as Ex. B. Undersigned counsel reasonably interpreted this response as an extension of time to respond to both pending deadlines. As a result, on November 14, 2025, Defendants served responses to Plaintiff's discovery requests, *see* Ex. C., and filed their response to Plaintiff's Motion and Memorandum of Law in support of Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized notice to potential opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b) (Doc. 44). This motion[2] was filed on November 13, 2025, one day before Defendants' responses were due. (Doc. 43).

---

[2] Plaintiff's motion references a Declaration by Emmanuel Kataev, Esq. (Doc. 43 at 3 & 7), but this Declaration has not been filed with the Court or provided to Defendants. On November 25, 2025, the undersigned counsel's office requested a copy but has not heard back. Consequently, Defendants are unable to meaningfully respond to the Declaration and reserve the right to file a supplemental response, depending on its content.

## Memorandum of Law

**(1) Defendants' conduct does not warrant striking Defendants' pleadings.**

The Federal Rules of Civil Procedure allow the parties to extend discovery deadlines. *See* Fed. F. Civ. P. 33(b)(2) and 34(b)(2)(A) ("A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."). Here, the parties did exactly that, but Plaintiff's Motion ignores the fact that his counsel granted Defendants a two-week extension of time to serve responses to Plaintiff's discovery requests. Defendants fully complied with the discovery extension and provided their responses on November 14, 2025. *See* Ex. C. This is hardly the "classic case which warrants Rule 37 sanctions." *See* Pl's Motion to Compel, Doc. 43 at 5.

**(2) Defendants have not waived their objections to Plaintiff's discovery requests.**

Defendants served their discovery responses after the thirty-day deadline because the parties informally agreed to a discovery extension. Discovery extensions, like the one agreed to here, are a common professional courtesy, and "[c]ounsel in this district typically accommodate reasonable requests for additional time." Middle District Discovery (2021) at § I.E.1. Consequently, Defendants' discovery responses and objections are not untimely, and no objections have been waived.

**(3) Plaintiff is not entitled to attorney's fees or costs.**

Given the lack of legal or factual support underlying this motion, Plaintiff has not established entitlement to his attorney's fees or costs.

## Conclusion

The entirety of Plaintiff's motion is based on the faulty premise that Defendants blatantly disregarded their discovery obligations. The reality is that Plaintiff's counsel intentionally failed to inform the Court that it had granted Defendants an extension of time. Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated this 26th day of November, 2025.

Respectfully submitted,

*/s/ Steven G. Wenzel*
**STEVEN G. WENZEL**
Florida Bar No.159055
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of November, 2025, the foregoing was electronically filed using the Courts ECF system, which will send a notice of electronic filling to counsel of record.

*/s/ Steven G. Wenzel*
**STEVEN G. WENZEL**