# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| BYRON BUSH, *on behalf of himself and all others similarly situated,*<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>EZ ADVOCATES, LLC and RAHAMAN KARGAR,<br><br>　　　　　　Defendants. | Case No.: 8:25-cv-1375 (KKM) (TGW)<br><br>**PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)** |

　　　　Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule"), the undersigned hereby certifies that counsel for Plaintiff attempted in good faith to confer with counsel for Defendant regarding the relief sought in this motion before and after the motion was filed. On November 14, 2025, Plaintiff's counsel contacted Defendant's counsel by email requesting to schedule a meet-and-confer conference, and offered to confer by telephone or Zoom at Defendant's convenience. Plaintiff's counsel requested available dates and times to discuss the outstanding discovery issues and Defendant's failure to provide timely responses, which resulted in the waiver of Defendant's objections. Defendant's counsel refused to participate in a meet-and-confer conference. As a result, the parties were unable to resolve the issues raised in this motion. Accordingly, Court intervention is necessary.

Although Defendants continued to refuse to make themselves available for a telephonic or virtual meet-and-confer, the parties did exchange email correspondence regarding this dispute and were unable to reach an agreement. Specifically, Defendants served Plaintiff with formal responses and objections to Plaintiff's discovery demands and produced 316 pages of documents (many of which were inappropriately redacted with no basis for such redactions), and Defendants' responses were littered with boilerplate, inapplicable, and inappropriate objections.

Plaintiff sought to meet-and-confer with Defendants about the fact that Defendants' objections have all been waived based on the untimeliness of their responses. Defendants maintain that they were timely based on the mistaken belief that Plaintiff agreed to extend Defendants' deadline to respond to his discovery demands, which Plaintiff did not agree to do. Plaintiff only agreed, as indicated in filings with this Court, to extent Defendants' deadline to oppose Plaintiff's motion to conditionally certify a collective action.

Based on the foregoing, Plaintiff respectfully submits that he has complied with Local Rule 3.01(g) and that this discovery dispute is ripe for resolution, as narrowed by Plaintiff's motion to deem all Defendants' objections waived, and to sanction Defendants for failure to comply with their discovery obligations.

Plaintiff apologizes for not filing the instant certification sooner.

Respectfully submitted this 1st day of December, 2025.

**CONSUMER ATTORNEYS PLLC**

<u>/s/ David Pinkhasov</u>
David Pinkhasov, Esq. FL # 1040933
6829 Main Street
Flushing, NY 11367-1305
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

**CONSUMER ATTORNEYS PLLC**

<u>/s/Emanuel Kataev, Esq.</u>
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com
*Admitted pro hac vice*

*Attorneys for Plaintiffs,*
*Byron Bush and*
*all others similarly situated*

3