IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

------------------------------------------X
BYRON BUSH,

           Plaintiff,

v.

EZ ADVOCATES, LLC
and RAHAMAN KARGAR,

           Defendants.
------------------------------------------X

Case No.: 8:25-cv-1375 (KKM) (TGW)

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiff Byron Bush (hereinafter "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, requests that Defendants EZ Advocates LLC and Rahaman Kargar (collectively hereinafter "Defendants") serve upon the undersigned attorneys at 6829 Main Street, Flushing, NY 11367-1305, answers under oath to each of the following interrogatories within thirty (30) days of service of these interrogatories.

## DEFINITIONS

In addition to the definitions set forth in the Rules, the following definitions shall apply to these interrogatories:

1. **"Complaint"** means the Complaint in the above-captioned action filed in the United States District Court for the Middle District of Florida, Tampa Division, on May 28, 2025. See ECF Docket Entry 1.

2. The **"Action"** means the above-captioned action, filed in the United States District Court for the Middle District of Florida, Tampa Division, entitled <u>Bush v. EZ Advocates, LLC</u>, Case No.: 8:25-cv-1375 (KKM) (TGW).

3. **"Defendants", "You,"** and/or **"Your"** shall mean Defendants in the above-captioned action, and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. **"Plaintiff"** or the **"Class"** means Plaintiff, and others similarly situated for FLSA Collective Action purposes, in the above-captioned action.

5. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions.

6. **"Document(s)" or "Information"** means all materials within the scope of Rule 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as

any tangible things. A draft or nonidentical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, geolocation data, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

    7. **"Identify"** with respect to a person means to give, to the extent known, the person's (a) full name; (b) present or last known address; and (c) current or last known place of employment.

    8. **"Identify"** with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33.

    9. **"Identify"** with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties

to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

10. **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

11. **"Relate" "related"** or **"relating"** means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

12. The words **"and"** and **"or"** shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

13. The word **"any"** shall be construed to include "all" and vice versa.

14. The word **"each"** shall be construed to include "every" and vice versa.

15. Any word in the singular form shall also be construed as plural and vice versa.

16. The masculine form shall also be construed to include the feminine and vice versa.

## INSTRUCTIONS

1. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

    a. the nature of the privilege claimed;

    b. the person who made the communication, whether oral or in writing;

    c. if the communication was oral, all persons present while the communication was made;

    d. if the communication was written, the author, addressees, and any other recipients;

    e. the relationship of the author of the communication to each recipient;

    f. the relationship of the persons present to the person who made the communication;

    g. the date and place of the communication; and

    h. the general subject matter of the communication.

3. Unless otherwise specified in any of the interrogatories below, these interrogatories cover the period from May 28, 2022 through the present.

4. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Rule 26(e).

5. Answers to these interrogatories shall be served upon the undersigned attorneys via email within thirty (30) days of service of these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Class workers from May 28, 2022 through the present: full name, address, phone number and email address.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify all persons with knowledge, documents, or information relating to Defendants' assertion that the individual defendant is not an employer, as set forth in the "First Defense" of Defendants' Answer. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe in reasonable detail all material facts supporting Defendants' assertion that the individual defendant is not an employer, as set forth in the "First Defense" of Defendants' Answer. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify all persons with knowledge, documents, or information relating to Defendants' assertion that Plaintiff was properly classified as an independent contractor, as set forth in the "Second Defense" of Defendants' Answer. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe in reasonable detail all material facts supporting Defendants' assertion that Plaintiff was properly classified as an independent contractor, as set forth in the "Second Defense" of Defendants' Answer. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all persons with knowledge, documents, or information relating to the "Third Defense" of Defendants' Answer that Defendants acted in good faith. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 7:** Describe in reasonable detail all material facts supporting the "Third Defense" of Defendants' Answer that Defendants acted in good faith. See ECF Docket Entry 13.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all persons with knowledge, documents, or information supporting any assertion that Defendants did not willfully violate the Fair Labor Standards Act ("FLSA") or the Florida Minimum Wage Act ("FMWA").

**ANSWER:**

**INTERROGATORY NO. 9:** Describe in reasonable detail all material facts supporting any assertion that Defendants did not willfully violate the FLSA or the FMWA.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all electronic systems, databases, or software used by Defendants to collect, store, or record the dates and times Plaintiff and the Class performed work for Defendants at any time from May 28, 2022 through the present.

**ANSWER**:

**INTERROGATORY NO. 11:** Identify all workplace collaboration tools that Defendants used from May 28, 2022 through the present that contains, may have contained, or may generate data or information relevant to any allegations in the Complaint or Answer of this Action. For each tool you identify, list:

(a) The name(s) of the account holder(s) for any account that contains, may have contained, or may generate data or information relevant to this Action;

(b) The username(s) or handle(s) for any account associated with the tool that contains, may have contained, or may generate data or information relevant to this Action;

(c) The email address(es) used in connection with any account associated with the tool that contains, may have contained, or may generate data or information relevant to this Action;

(d) The date on which Defendant began using the tool that contains, may have contained, or may generate data or information relevant to this Action;

(e) A description of the automatic retention and/or automatic deletion settings in place for the tool from May 28, 2022 through the present.

(f) Any circumstances in which content or data was manually deleted from the tool from May 28, 2022 through the present, including when and why the content or data was deleted.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify each type of compensation, reimbursement, or benefit you offered Plaintiff and the Class during the time Plaintiff and the Class were classified as a employees or independent contractors for Defendants, at any time from May 28, 2022 through the present, including but not limited to flat fees and other payments, expense reimbursements, bonuses, incentive payments, payment of professional dues, payment of professional continuing education, stock options, retirement plan participation, profit sharing, health, dental, life, or disability insurance coverage, workers' compensation coverage, malpractice insurance, tuition reimbursement, paid time off, and any other compensation or benefits.

**ANSWER:**

**INTERROGATORY NO. 13:** For each workweek during the time Plaintiff and the Class were classified as a employees or independent contractors for Defendants, at any time from May 28, 2022 through the present, that Plaintiff and any Class member performed more than forty (40) hours of work for defendant, state the precise number of hours Plaintiff and each Class member worked. For each week for which you cannot give a precise number, state why you are unable to do so. Your answer should be organized by providing responsive information for each separate workweek.

**ANSWER:**

**INTERROGATORY NO. 14:** For the period, May 28, 2022 through the present, identify all persons who are, or have been, supervisors of Plaintiff and the Class, and list each person's official title and dates of employment. Please include any supervisors who are no longer employed by you.

**ANSWER:**

**INTERROGATORY NO. 15:** Describe in reasonable detail any tools, equipment, vehicles, uniforms, badges, computers, business cards, keys, access cards, radios, phones, or other necessary materials Defendants provided or made available to Plaintiff and the Class, at any time from May 28, 2022 through the present.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify all instances from May 28, 2022 through the present, where Defendants have ever been contacted, sued, investigated, reprimanded, fined, or penalized in any way by any person, including a government agency, relating to allegations of failure to pay required wages to any of Defendants' workers, including but not limited to the Class. For each instance, identify the relevant person or agency, case number and court, a summary of the allegations, the amount of any fine, and the outcome of the matter.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe in reasonable detail any request, demand, or complaint Plaintiff and the Class made to Defendants from May 28, 2022 through the present about their relationship with Defendant, including but not limited to their classification as an independent contractors for Defendant, their compensation, entitlement to overtime compensation, health insurance coverage, retirement plan participation, paid vacation, other benefits, and/or reimbursement of business expenses. Describe any subsequent responses from Defendants, whether oral or in writing.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify all persons, including any government agency, with whom you had any communication at any time from May 28, 2022 through the present, relating to the conduct alleged in the Complaint and/or any claim or defense in this Action.

**ANSWER:**

**INTERROGATORY NO. 19:** From May 28, 2022 through the present, identify any Class workers whom Defendant hired as an employee.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify all persons from whom Defendants have received any statement(s), whether oral or written, relating to the allegations in the Complaint and/or any claim or defense in this Action.

**ANSWER:**

**INTERROGATORY NO. 21:** Describe in reasonable detail the nature and substance of each statement you received from each person (other than your attorney) identified in response to Interrogatory No. 20.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

**ANSWER:**

Dated:   Flushing, New York
         October 2, 2025               Respectfully submitted,

                                       **CONSUMER ATTORNEYS PLLC**

                                       */s/ Emanuel Kataev, Esq.*
                                       Emanuel Kataev, Esq.
                                       6829 Main Street
                                       Flushing, NY 11367-1305
                                       (718) 412-2421 (office)
                                       (718) 489-4155 (facsimile)
                                       ekataev@consumerattorneys.com

                                       *Attorneys for Plaintiffs*
                                       *Byron Bush and*
                                       *all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, a true and correct copy of Plaintiff's First Set of Interrogatories to Defendants was served via email on all counsel listed below:

**STEVEN G. WENZEL**
Steven G. Wenzel
Florida Bar No.159055
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com

*Attorneys for Defendants*
*EZ Advocates, LLC and*
*Rahaman Kargar*

/s/ Victoria Trevor