IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

-------------------------------------------X
BYRON BUSH,

           Plaintiff,

  v.

EZ ADVOCATES, LLC
and RAHAMAN KARGAR,

           Defendants.
-------------------------------------------X

Case No.: 8:25-cv-1375 (KKM) (TGW)

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiff Byron Bush (hereinafter "Plaintiff"), by its undersigned counsel Consumer Attorneys PLLC, hereby requests that Defendants EZ Advocates LLC and Rahaman Kargar (collectively hereinafter "Defendants") produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service of this request.

## DEFINITIONS

    1.    This document incorporates by reference the definitions and rules of construction set forth in Rules 26 and 34.

    2.    "Complaint" means the Complaint in the above-captioned action filed in the United States District Court for the Middle District of Florida, Tampa

Division, on May 28, 2025, entitled "COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND". See ECF Docket Entry 1.

3. "Action" means the above-captioned action, filed in the United States District Court for the Middle District of Florida, Tampa Division, entitled Bush v. EZ Advocates, LLC, Case No.: 8:25-cv-1375 (KKM) (TGW).

4. "Document" is synonymous in meaning and equal in scope to its usage in Rule 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

5. "Defendants", "You," and/or "Your" shall mean Defendants, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees,

agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

6. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

7. "Relate" or "relating", and/or "Concern" or "concerning" means consisting of, referring to, reflecting, concerning/relating to, or being in any way logically or factually connected with the matter discussed.

8. "Communication" means the transmission of information or data in any form (including, without limitation, written, oral, or electronic transmission).

9. The terms "Document(s)" and "Information" shall be construed broadly and may be used interchangeably in these requests. Both terms are intended to include all materials within the scope of Federal Rule of Civil Procedure 34 and the definitions set forth herein.

10. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

11. The terms "all," "any," or "each" encompass any and all of the matter discussed.

12. The use of singular form includes plural, and vice versa.

13. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Consumer Attorneys PLLC, 6829 Main Street, Flushing, NY 11367-1305, on or before the date set for production.

2. All documents and information are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents or information in response to a particular request, or if you withhold any responsive documents or information or categories of documents or information based on any objections, Defendants shall state so in writing.

3. Electronically stored information ("ESI") shall be produced in reasonably usable form. By default, ESI must be produced in its native format with associated metadata preserved, except that the parties may agree to production in PDF or TIFF format accompanied by load files containing searchable text and relevant metadata. Spreadsheets, databases, and other files not reasonably usable in static form shall be produced in native format. ESI shall be produced on appropriate electronic media that does not impose undue burden or expense, and passwords or decryption keys necessary to access the data shall be provided.

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

  (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

  (a) the ground of privilege or protection claimed;

  (b) every basis for the privilege or protection claimed;

  (c) the type of document;

  (d) its general subject matter;

  (e) the document's date; and

  (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Rule 26(b)(5), the court's local rules, and the judge's individual practice rules.

9. If Defendants object to any document request on any ground other than privilege, Defendants must specify:

      (a)    the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

      (b)    whether any responsive materials are being withheld on the basis of an objection.

10.    To the extent Defendants assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

11.    If there are no documents in response to any particular request, Defendants shall state so in writing.

12.    Unless otherwise stated herein, all documents requested cover the period from May 28, 2022 through the present.

13.    Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14.    Requests for production should be read to encompass any and all items responsive to the request.

15. These requests are continuing, and Defendant's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Rule 26(e).

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:** Documents sufficient to provide the following information for the FLSA collective action class workers (the "Class") from May 28, 2022 through the present: full name, address, phone number, and email address.

**DOCUMENT REQUEST NO. 2:** All job postings, contracts, agreements, hiring documents, or offer letters in connection with Defendant's working relationship with Plaintiff and the Class, at any time May 28, 2022 through the present, including but not limited to any compensation or employment agreement.

**DOCUMENT REQUEST NO. 3:** All employment policies and adjacent agreements applicable to Plaintiff and the Class, including, but not limited to, independent contractor agreements, non-competition agreements, non-solicitation agreements, intellectual property assignment agreements, outside employment policies, policies relating to workplace conduct, dress codes, attendance policies, payroll practices and compensation policies, safety policies, policies relating to access to the company's premises, policies relating to access to the

company's computer systems, wage and hour policies, expense reimbursement policies, and attendance policies.

**DOCUMENT REQUEST NO. 4:** Documents relating to the terms and conditions of Plaintiff and the Class' work including, but not limited to, independent contractor agreements, personnel files, rules, regulations, conditions, guidelines, policies, procedures, handbooks, performance reviews or evaluations, performance improvement plans, warnings, disciplinary actions, termination notices, resignation letters, promotion letters, training, training materials, decisions to assign or not assign work, invoicing, deliverables, progress reports, schedules, badges, keys, access cards, uniforms, and limitations or restrictions that Defendants distributed, showed, or subjected Plaintiff and the Class at any time from May 28, 2022 through the present.

**DOCUMENT REQUEST NO. 5:** Documents relating to any work performed by Plaintiff and the Class for Defendants at any time from May 28, 2022 through the present, in exchange for any form of compensation, including but not limited to work performed, days and hours worked, uniforms, safety, meetings, routes, store visits, use of electronic devices, product promotions, tips, badges, sales, training, new products, contests, product pricing, customers, compensation, schedules, and other aspects of work performed.

**DOCUMENT REQUEST NO. 6:** Documents relating to any compensation offered or paid by Defendants to Plaintiff and the Class at any time from May 28, 2022 through the present.

**DOCUMENT REQUEST NO. 7:** Documents relating to any benefits offered or provided by Defendants to Plaintiff and the Class at any time from May 28, 2022 through the present, including but not limited to pension, 401k, profit sharing, stock options, health insurance, life insurance, dental benefits, disability insurance, workers' compensation coverage, unemployment insurance, malpractice insurance, payment of professional dues, fees, or continuing education, reimbursement of moving expenses, business expenses, or tuition, paid time off, paid vacation, paid sick leave, and other benefits.

**DOCUMENT REQUEST NO. 8:** Documents relating to any benefits offered or provided by Defendants to their employees at any time from May 28, 2022 through the present, including but not limited to pension, 401k, profit sharing, stock options, health insurance, life insurance, dental benefits, disability insurance, workers' compensation coverage, unemployment insurance, malpractice insurance, payment of professional dues, fees, or continuing education, reimbursement of moving expenses, business expenses, or tuition, paid time off, paid vacation, paid sick leave, and other benefits.

**DOCUMENT REQUEST NO. 9:** Documents relating to the dates and times Plaintiff and the Class performed work for Defendants at any time from May 28, 2022 through the present, including but not limited to time records, punch cards, scheduling software, calendars, schedules, planners, and other documents.

**DOCUMENT REQUEST NO. 10:** Documents related to the decision by Defendants to classify Plaintiff and/or the Class as independent contractors, including but not limited to, information considered in reaching the decision and communications between decision-makers regarding the decision, as set forth in the "Second Defense" of Defendants' Answer. See ECF Docket Entry 13.

**DOCUMENT REQUEST NO. 11:** Documents related to Defendants' characterization of its working relationship with Plaintiff and the Class, including but not limited to communications with current, former, or potential workers, lenders, investors, customers, vendors, and clients.

**DOCUMENT REQUEST NO. 12:** All documents related to Defendants' calculation or assessment of damages in this Action, including but not limited to any data relied upon to determine the calculation or assessment.

**DOCUMENT REQUEST NO. 13:** Documents relating to any internal audit, investigation, or inquiry of Defendants' classification of its workers under the federal Fair Labor Standards Act ("FLSA") and/or the Florida Minimum Wage Act ("FMWA").

**DOCUMENT REQUEST NO. 14:** Documents relating to any federal, state, or local agency audit, investigation, inspection, or inquiry of Defendants, including by a taxing authority, licensing authority, or a department of labor, at any time from May 28, 2022 through the present, relevant to any claim or defense in this Action.

**DOCUMENT REQUEST NO. 15:** Documents relating to any assertion that Defendants did not willfully violate the FLSA or the FMWA.

**DOCUMENT REQUEST NO. 16:** Documents relating to Defendants' assertion that they acted in good faith, as set forth in the "Third Defense" of Defendants' Answer. See ECF Docket Entry 13.

**DOCUMENT REQUEST NO. 17:** Documents relating to Defendants' assertion that the individual defendant is not an employer, as set forth in the "First Defense" of Defendants' Answer. See ECF Docket Entry 13.

**DOCUMENT REQUEST NO. 18:** Documents relating to Defendants' assertion that Plaintiff was properly classified as an independent contractor, as set forth in the "Second Defense" of Defendants' Answer. See ECF Docket Entry 13.

**DOCUMENT REQUEST NO. 19:** Documents Defendants obtained from any person or entity from May 28, 2022 through the present, relating to the allegations in the Complaint or Answer, including but not limited to any written

statements, affidavits, declarations, sworn statements, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) or any state law equivalent requests, and documents received from any government agency.

**DOCUMENT REQUEST NO. 20:** All documents relating to Defendants' document retention or destruction policy.

**DOCUMENT REQUEST NO. 21:** Documents relating to any formal or informal complaints, grievances, or reports that Plaintiff and/or the Class were misclassified as independent contractors, including, but not limited to, responses to such complaints, complaints filed with federal or state government agencies, and complaints filed in federal or state court.

**DOCUMENT REQUEST NO. 22:** Documents relating to any statement or belief of any supervisory employee of Defendants that Plaintiff and/or the Class were incorrectly classified as independent contractors, or should have been classified as employees.

**DOCUMENT REQUEST NO. 23:** All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

**DOCUMENT REQUEST NO. 24:** Documents evidencing or relating to any facts that support or contradict any Party's claims or defenses in this Action.

**DOCUMENT REQUEST NO. 25:** All documents Defendants intend to use as exhibits in this Action including, but not limited to, in court filings, depositions, or trial.

**DOCUMENT REQUEST NO. 26:** Documents relating to each expert Defendants intend to call as a witness at trial in this Action, including but not limited to documents and communications sent to or received from each expert, resumes, curriculum vitae, oral or written reports, and any supporting data or information.

**DOCUMENT REQUEST NO. 27:** All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person Defendants intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

**DOCUMENT REQUEST NO. 28:** All documents Defendants referred to, relied upon, consulted, or used in any way to draft their Answer, their Initial Disclosures, or their responses to Plaintiff's First Set of Interrogatories to Defendant.

**DOCUMENT REQUEST NO. 29:** To the extent not requested above, all documents relating to any claim or defense in this Action.

Dated: Flushing, New York
October 2, 2025

Respectfully submitted,

**CONSUMER ATTORNEYS PLLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiffs*
*Byron Bush and*
*all others similarly situated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, a true and correct copy of Plaintiff's First Request for the Production of Documents to Defendants was served via email on all counsel listed below:

**STEVEN G. WENZEL**
Steven G. Wenzel
Florida Bar No.159055
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 223-6545
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com

*Attorneys for Defendants*
*EZ Advocates, LLC and*
*Rahaman Kargar*

/s/ *Victoria Trevor*