UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BYRON BUSH,

      Plaintiff,

v.                                                                    Case No. 8:25-cv-1375-KKM-TGW

EZ ADVOCATES, LLC *and*
RAHMAN KARGAR,

      Defendants.

_____

### ORDER

Plaintiff Byron Bush sues EZ Advocates, LLC, and Rahaman Kargar under the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA) "on behalf of himself and others similarly situated." Compl. (Doc. 1) at 1. Bush moves for conditional collective action certification and court-ordered notice to potential opt-in plaintiffs. *See* Mot. (Doc. 30); Mem. (Doc. 31). The defendants respond in opposition, Resp. (Doc. 44), and Bush replies, Reply (Doc. 63). For the reasons below, I deny the motion.

### I.    BACKGROUND

Between 2023 and 2024, Bush worked for EZ Advocates, which "assists individuals in getting out of their time share agreements." Mem. at 3; Bush Decl. (Doc. 32) ¶¶ 4–5. Bush avers that he was a "sales employee[]," but does

not describe his job duties. *See* Mem. at 4. He worked between forty-two and forty-six hours per week, *see* Compl. ¶¶ 14–15, and received "fifteen percent (15%) commission for actual sales made without regard to the number of hours [he] actually worked," *see* Bush Decl. ¶ 13; Mem. at 4. When Bush made no sales, he received zero compensation. Mem. at 4. "There were also weeks in which, despite making a few sales, Bush still received less than the minimum wage despite working in excess of forty (40) hours." *Id.* According to Bush, the defendants failed to compensate him properly during his "entire tenure." Bush Decl. ¶ 7.

On May 28, 2025, Bush brought this putative collective action alleging that the Defendants failed to pay the minimum wage and overtime compensation to him and others similarly situated. Compl. ¶¶ 43–51. Bush requests conditional certification of a collective action that includes "[a]ll current and former employees who worked for Defendants at any time during the last three years," Mem. at 2; discovery on the identities of putative members; and court-ordered notice to facilitate consent to join the collective, Mot. at 1–2.

Bush supports his motion with his own declaration, Bush Decl., and his own consent to join the suit, (Doc. 35). Bush alleges that "all sales employees were paid solely on a commission basis," Mem. at 5, which he learned from

"conversations" with a colleague, Bush Decl. ¶ 20. He estimates that, "[a]t any given time, there were about four to five (4-5) other sales employees like me working under the same common plan and policy," *id.* ¶ 12, totaling between twenty to thirty employees (with turnover) in the prospective collective action, *see id.* ¶ 13. Bush does not offer evidence for this conclusion. *See id.* Indeed, Bush names only one other employee, Chase Kirkland, who he alleges "held the same position" and "was paid the same exact way I was." *Id.* ¶¶ 14–15. According to Bush, Kirkland "has expressed an interest in opting in to a collective action." *Id.* ¶ 16. Although Bush filed this motion in October, Kirkland has not opted-in, appeared, or participated directly in this case.

## II.    LEGAL STANDARDS

The FLSA contemplates collective actions allowing "similarly situated" employees to sue an employer in a single suit. *See Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). Unlike Rule 23 class actions, FLSA collective actions are "opt-in." *See Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016). "That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court." *Morgan*, 551 F.3d at 1259.

The Eleventh Circuit authorizes a "two-step" process for certification. "At the first stage, which is known as conditional certification, the 'trial court makes the determination whether notice of the action should be given to potential opt in plaintiffs and whether the case should initially proceed as a collective action.'" *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-CV-159-T-23AEP, 2016 WL 231237, at *1 (M.D. Fla. Jan. 19, 2016) (quoting ELLEN C. KEARNS, THE FAIR LABOR STANDARDS ACT, Vol II, 19-7 (2d ed. 2010)). At the second stage, "the defendant may move 'for decertification' of the collective." *Julmice v. UMA Educ., Inc.*, No. 8:24-CV-90-SDM-SPF, 2025 WL 3678619, at *2 (M.D. Fla. Aug. 11, 2025).

To obtain preliminary certification, the plaintiff must demonstrate "a reasonable basis for his claim that" other employees will opt-in who are similarly situated. *See Morgan*, 551 5.3d at 1259–60 (citation modified). Though the standard is "fairly lenient," "there must be more than only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come." *Id.* at 1261 (citation modified). "The decision to conditionally certify a collective FLSA action lies within the discretion of the Court." *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-CV-1306-J-34JRK, 2014 WL 2625181, at *6 (M.D. Fla. June 12, 2014) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217, 1219 (11th Cir. 2001)).

4

## III.  ANALYSIS

Without more, Bush's declaration and consent fail to provide a "reasonable basis" to conclude that similarly situated employees will opt-in or that the Defendants used a uniform payment policy. Indeed, Bush's failure to describe his (or anyone else's) job duties renders it impossible to assess similarity at all.

Bush insists that his complaint and declaration, "coupled with Defendants' uniform pay policies," are enough to satisfy his burden. Mem. at 16. The defendants respond that Bush's "speculative, vague, and conclusory allegations" fail to show that other employees will opt-in to this suit. *See* Resp. at 4. The defendants also dispute that Kirkland was "similarly situated," Resp. at 7–8, and offer a signed employment agreement that contradicts Bush's assertions, *compare* Agreement (Doc. 44-2) at 3 (entitling Kirkland to "an annual salary" of $17,680 "plus commissions"), *with* Mem. at 5 (alleging that "all sales employees were paid solely on a commission basis"). In reply, Bush insists that defendants' "refus[al] to provide pre-certification discovery" hindered his "ability to present additional evidence." Reply at 1. As to similarity, Bush contends that his "sworn responses to interrogatories" show that he, Kirkland, and others "had the primary responsibility of making sales"

5

(though he does not specify which interrogatory), and that any salary in addition to Kirkland's commissions is irrelevant. *See* Reply at 2.

Bush fails to convince. First, there is little evidence that any other employee will join the collective action. Bush does not support his claim that a plaintiff's declaration, alone, can provide a reasonable basis that others would opt-in. On the contrary, the two cases that Bush cites for the claim that "[c]ourts regularly find" the same amount of evidence "sufficient" are inapposite. *See* Mem. at 17. In *Pares v. Kendall Lakes Automotive, LLC*, two employees filed affidavits expressing intent to join the two plaintiffs in the suit. *See* No. 13-20317-CIV, 2013 WL 3279803, at *2 (S.D. Fla. June 27, 2013). Similarly, in *Billingsley v. Citi Trends, Inc.*, six employees opted in by the time the two plaintiffs moved for certification. *See* No. 4:12-CV-0627-KOB, 2013 WL 246115, at *3 (N.D. Ala. Jan. 23, 2013). Bush offers nothing beyond his own declaration. Moreover, Bush's excuse that the defendants refused to provide discovery is misplaced. "Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." *Kubiak*, 2014 WL 2625181, at *8 (quoting *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) (citation modified)).

6

As to the remaining arguments, Bush's conclusory assertion that the defendants imposed a uniform payment policy is unavailing, especially in the light of countervailing evidence. *See* Agreement. Last, Bush's failure to describe his own job duties—or anyone else's—makes it impossible to assess similarity. Nine months have passed since Bush filed this lawsuit, more than enough time for Bush to marshal other evidence. Without more, a single declaration by a plaintiff is insufficient to support certification.[1]

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion for Preliminary Certification (Doc. 30) is **DENIED**.

2. Defendants' Motion to Strike Plaintiff's Reply (Doc. 64) is **DENIED** as moot.

**ORDERED** in Tampa, Florida, on March 2, 2026.

Kathryn Kimball Mizelle
United States District Judge

---

[1] Because certification is unwarranted, I do not assess the defendants' objections to Bush's proposed notice. *See* Resp. at 9; Reply at 7.

7